IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v. Criminal Action No. 3:16-cr-00003-JAG

STEPHEN T. CALLIS,
Defendant.

**OPINION**

Congress has mandated that defendants convicted of certain crimes pay restitution to the victim in the full amount of the victim's losses. 18 U.S.C. § 1593(b)(1). This case raises the question of who qualifies as a victim, and for what sort of losses. Because the relevant restitution statute focuses on losses incurred by or on behalf of the actual victim of the crime, the Court finds that the statute does not permit the mother of a minor victim of sexual crimes to recover for the cost of her—not the minor victim's—counseling.

The adult defendant in this case, Stephen Callis, befriended the victim, N.T., a 15 year-old girl, by posing as another 15 year-old girl using a fake online profile. Using this fake profile, Callis encouraged N.T. to engage in prostitution and "introduced" N.T. to one of his other fake online profiles, that of an adult man. After this "introduction," Callis met N.T. to engage in sexual acts for money, and the two engaged in sexual conversations online. This went on for a little less than a year.

Callis pleaded guilty to a two-count criminal indictment for (I) coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b), and (II) sex trafficking of children in violation of 18 U.S.C. § 1591(a). The government sought $38,880 in restitution—$32,500 in counseling costs for N.T., and $6,380 in counseling costs for the N.T.'s mother, Mrs. T. After a hearing,

and by Order dated November 4, 2016, the Court ordered $32,500 in restitution to N.T.[1] The Court declined to order restitution for the Mrs. T.'s counseling costs. This Opinion explains why.

The Trafficking Victims Protection Act (the "TVPA") mandates restitution for trafficking-related criminal offenses, 18 U.S.C. § 1593, which includes the defendant's conviction on Count II in this case.[2] Under the TVPA, the court shall order "the defendant to pay the victim . . . the full amount of the victim's losses." *Id.* § 1593(b)(1). The term "victim" means:

> the individual harmed as a result of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or a representative of the victim's estate, or another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named such representative or guardian.

*Id.* § 1593(c). The term "full amount of the victim's losses" includes "any costs incurred by the victim" within a list of categories, which includes psychiatric or psychological care. *Id.* §§ 1593(b)(3); 2259(b)(3).

---

[1] The Court had jurisdiction to enter this Order, despite the determination exceeding ninety days after sentencing, because the Court made clear at the sentencing hearing that it would order restitution in this case, leaving open only the amount. *See* 18 U.S.C. § 3664(d)(5); *Dolan v. United States*, 560 U.S. 605, 608 (2010).

[2] The parties agreed that the Court could also have ordered restitution under the Mandatory Victims Restitution Act (the "MVRA"). The MVRA's definition of "victim" reads: "In the case of a victim who is under 18 years of age, . . . the legal guardian of the victim . . . , another family member, or any other person appointed as suitable by the court, *may assume the victim's rights* under this section." 18 U.S.C. § 3663A(a)(2) (emphasis added). At least the Eighth Circuit has interpreted this language as more limited than the TVPA, holding that the MVRA "simply provides that the court may order the defendant to pay to the legal guardian, rather than the victim herself, the restitution owed to the victim. The section does not allow the legal guardian to substitute her own losses for those of the victim." *United States v. Wilcox*, 487 F.3d 1163, 1177 (8th Cir. 2007). Accordingly, the Court reaches the same outcome regarding Mrs. T.'s counseling costs (i.e., no restitution) under the MVRA.

These definitions, taken together, embrace recovery of costs by a legal guardian or other family member, but only those costs incurred on behalf of the victim. The common sense reading of the definition of "victim" reveals a focus on the individual actually harmed by the crime, and then makes provisions for the possibility that those individuals cannot pay costs or receive money on their own behalves. *See United States v. Tsosie*, 639 F.3d 1213, 1220 (9th Cir. 2011).[3] The phrase "or any other person appointed as suitable by the court" supports this reading. 18 U.S.C. § 1593(c). A court "appointing" a "suitable" person as a victim makes no sense, in context or in practice. A court, however, could appoint a suitable person to receive money on behalf of a victim, or could recognize a person who paid costs on the victim's behalf. For example, where a child does not have money to pay for her own medical expenses, a parent could recover restitution for the expenses paid on the child's behalf.[4]

In this case, Mrs. T. seeks restitution for her own counseling costs, separate from the counseling costs of N.T. This differs from the situation the Ninth Circuit faced, where the court ordered restitution for a mother's travel cost to see her daughter, the victim, as part of *her daughter's* treatment plan. *Tsosie*, 639 F.3d at 1220–21. While the Court does not question the need for counseling in dealing with the terrible situation that N.T. and her family face, the Court must abide by the statutory bounds on restitution.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: November 9, 2016
Richmond, Va.

/s/
**John A. Gibney, Jr.**
**United States District Judge**

[3] *See also United States v. Evers*, 669 F.3d 645, 656 (6th Cir. 2012) (holding that a legal guardian can "seek restitution that *he* personally incurred while acting on [the victim's] behalf as her guardian" (emphasis in original)).

[4] *See also Evers*, 669 F.3d at 659 (allowing for restitution for lost wages of the legal guardian "attributable to his attendance at various stages of the investigation and trial in support of the victim").