IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:16-cr-003

STEPHEN T. CALLIS,

    Petitioner.

## OPINION

The petitioner, Stephen T. Callis, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dk. No. 74.) In his § 2255 motion, Callis alleges four claims of ineffective assistance of counsel. Because Callis fails to establish either (1) that his attorney's conduct fell below that of an objectively reasonable attorney or (2) prejudice resulting from any of the alleged deficiencies in his counsel's performance, the Court will deny the § 2255 motion.

## I. BACKGROUND

In 2016, Callis pled guilty to a two-count indictment for (1) coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b), and (2) sex trafficking of children in violation of 18 U.S.C. § 1591(a). Each conviction mandates, among other things, ten years to life in prison and restitution. In his plea agreement with the government and in his plea hearing before the Court, Callis agreed that the government could prove all elements of each offense, and he affirmed that he understood the following: (1) the penalties for violating each statute, including the minimum and maximum terms of imprisonment and restitution; (2) any calculation of his advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") by his lawyer represented only an estimate and did not bind the Court; (3) the Presentence Investigation Report ("PSR") ultimately determined his advisory sentencing range under the

Guidelines; and (4) the Court could impose a sentence above or below the Guidelines range. (Dk. No. 27, ¶¶ 1, 3, 5, 9); Plea Hr'g Tr. 12:25-13:19, 14:17-24, 16:24-17:2, 17:13-19:2, 22:14-23, 28:2-13, Mar. 3, 2016 (Dk. No. 60).

The PSR calculated a Guidelines range of 235-293 months based on a criminal history category of I and an offense level of 38, which included a five-point enhancement under U.S.S.G § 4B1.5 for a pattern of prohibited sexual conduct. (Dk. No. 49, ¶¶ 32, 64, 65.) At the sentencing hearing, Callis' attorney moved for a downward variance from the Guidelines range, arguing that the enhancement, though applicable to Callis, resulted in a sentence greater than necessary to punish him.[1] Sentencing Hr'g Tr. 24:1-33:12, June 20, 2016 (Dk. No. 59). The Court denied the downward variance motion, sentenced Callis to 240 months imprisonment, and ordered $32,500 in restitution. The Fourth Circuit dismissed in part and affirmed in part Callis' appeal.

Callis then filed this § 2255 motion, alleging four claims of ineffective assistance of counsel.[2] The bulk of his motion deals with his claim that the indictment failed to list an essential element of the child sex trafficking count—that the victim's age fell between fourteen and eighteen. Callis also alleges that his attorney failed to inform him both about his eligibility

---

[1] For support, Callis' attorney cited Callis' age, remorse, desire for treatment, cooperation with the government, and lack of criminal history.

[2] Although a petitioner may bring ineffective assistance claims in a § 2255 motion regardless of whether he could have raised them on a direct appeal, *see Massaro v. United States*, 538 U.S. 500, 504 (2003), the government contends that Callis' arguments do not constitute ineffective assistance claims and should be barred because he did not raise these claims on direct appeal. Even if Callis should have brought these claims on direct appeal, the Court will nonetheless consider them as ineffective assistance claims. *Cf. Lobo-Lopez v. United States*, 56 F. Supp. 3d 802, 809-11 (E.D. Va. 2014) (considering the petitioner's argument that his attorneys failed to object to a deficient indictment as an ineffective assistance claim in a § 2255 motion); *Good*, 2018 WL 2976984, at *3, *5-6 (analyzing the petitioner's argument that his attorney failed to "adequately inform him of the likely outcome of pleading guilty" as an ineffective assistance claim in a § 2255 motion).

2

for an enhancement and that he would have to pay restitution. Lastly, Callis argues that his attorney erred by "moving for a downward departure on [his] sentence, even though he was not eligible for such a departure after receiving the § 4B1.5 enhancement." (Dk. No. 76, at 12.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner may challenge the legality of his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States."[3] 28 U.S.C. § 2255(a). A prisoner can prove such a violation by demonstrating that he received ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[T]he [Sixth Amendment] right to counsel is the right to the *effective* assistance of counsel." (emphasis added)). To succeed on an ineffective assistance claim, the petitioner must satisfy two elements. First, the petitioner must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. To satisfy this first prong—the performance prong—the petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When, as here, a petitioner challenges a conviction entered after a guilty plea, the second prong—the prejudice prong—"is slightly modified" in that the petitioner "must show that there is a reasonable

---

[3] "A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack his sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal." *Good v. United States*, No. 2:17-cv-313, 2018 WL 2976984, at *2 (E.D. Va. June 12, 2018), *appeal docketed*, No. 18-7466 (4th Cir. Dec. 3, 2018).

3

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

Alleging ineffective assistance of counsel following a guilty plea entered during a properly conducted Rule 11 plea colloquy requires a petitioner to overcome the "formidable barrier" of his sworn testimony at that proceeding. *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004). As the Fourth Circuit has explained, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Accordingly, a "court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [petitioner's] sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

## III. DISCUSSION

### A. Sufficiency of the Indictment

Callis first claims that the indictment lacked an essential element as to the child sex trafficking count, 18 U.S.C. § 1591(a), and that his counsel's failure to object to the indictment constituted ineffective assistance of counsel. An "indictment must include every essential element of an offense, or else the indictment is invalid; and mere reference to the applicable statute does not cure the defect." *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009). Section 1591 provides in relevant part:

(a) Whoever knowingly--

> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

4

> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).
>
> (b) The punishment for an offense under subsection (a) is--
>
>> (1) if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life; or
>>
>> (2) if the offense was not so effected, and the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had attained the age of 14 years but had not attained the age of 18 years at the time of such offense, by a fine under this title and imprisonment for not less than 10 years or for life.

18 U.S.C. § 1591(a)-(b).[4] Thus, a conviction for child sex trafficking requires the offender to (1) knowingly take one or more of the actions listed in § 1591(a) against another person ("victim"); (2) know or recklessly disregard the fact that the victim is a minor and "will be caused to engage in a commercial sex act;" and (3) affect interstate commerce. *Id.* § 1591(a)(2). Section 1591(b) lists two alternative penalties for a violation of § 1591(a). If the victim is under the age of eighteen but older than fourteen, the statute imposes a minimum of ten years imprisonment. *Id.* § 1591(b)(2). If, however, the victim has not reached the age of fourteen, the statute provides for

---

[4] Congress amended § 1591 on April 11, 2018, but the relevant provisions of the current statute do not differ from the previous version. *Compare* Act of Apr. 11, 2018, Pub. L. No. 115-164, § 5, 132 Stat. 1255 (2018), *with* Act of May 29, 2015, Pub. L. No. 114-22, Title I, §§ 108(a), 118(b), 129 Stat. 238, 247 (2015) (amended 2018).

a minimum of fifteen years imprisonment. *Id.* § 1591(b)(1). Both punishments carry a maximum term of life imprisonment. *Id.* § 1591(b)(1)-(2).

In this case, neither the indictment nor the statement of facts alleged that the victim had in fact reached the age of fourteen but had not reached the age of eighteen. Instead, each alleged only that Callis knew that the victim had not reached the age of eighteen.[5] Callis argues that by failing to allege that "the victim was over 14, but under 18," the indictment lacked an essential element, rendering it invalid. (Dk. No. 76, at 9.) According to Callis, his attorney's failure to object to the alleged defective indictment therefore constituted ineffective assistance of counsel.

Callis' argument lacks merit. Section 1591(a) requires the government to prove three elements, and § 1591(b) imposes two different mandatory minimum sentences based on the victim's age. The government concedes that if it had attempted to sentence Callis under § 1591(b)(1)—a fifteen-year minimum—it would have had to establish the additional element that "the defendant trafficked a person who had not attained the age of 14." (Dk. No. 79, at 5); *see Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("[A]ny fact that *increases* the mandatory minimum is an 'element' that must be submitted to the jury." (emphasis added)); *see also Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000) ("[F]acts that expose a defendant to a punishment greater than that otherwise legally prescribed [are] by definition 'elements' of a separate legal offense.").

Here, however, the government clearly proceeded under § 1591(b)(2). The plea agreement explicitly stated that the penalties for the crime included a mandatory minimum of ten years imprisonment, not fifteen. (Dk. No. 27, ¶ 1.) Moreover, establishing that the victim had attained the age of fourteen but not the age of eighteen does *not* increase that minimum penalty.

---

[5] The PSR, which did not exist at the time of Callis' plea hearing, stated that Callis knew that the victim was fifteen years old. (Dk. No. 49, ¶ 10.)

6

Accordingly, the government only had to allege the elements outlined in § 1591(a), and it did. The indictment charged that Callis:

> did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain a person, Juvenile One, in or affecting interstate ... commerce, knowing and in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

(Dk. No. 14, at 1-2.) A conviction under § 1591(a) and a sentence under § 1591(b)(2) require nothing more.[6] Accordingly, the indictment suffered no deficiency.

Given the indictment's sufficiency, Callis' attorney did not act objectively unreasonably by declining to object to the indictment. Had Callis' attorney objected, raising the same argument that Callis does now, the Court would have considered the argument meritless and rejected it, as it does now. Thus, this claim fails on both *Strickland* prongs—Callis' attorney did not act objectively unreasonably by failing to raise a meritless objection nor did that omission prejudice Callis. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance.").

### B. Enhancement and Restitution

Next, Callis claims that his attorney failed to inform him "that he would be eligible for enhancement under U.S.S.G. [§] 4B1.5" and failed to "confer with Callis regarding ... mandatory restitution." (Dk. No. 76, at 12.) Essentially, Callis argues that his attorney failed to adequately inform him about the possible penalties he would face by pleading guilty. Even if Callis' attorney neglected to take these two actions and such neglect satisfied the performance prong of *Strickland*, Callis still fails on the prejudice prong.

---

[6] Callis points to a Hawaii district court opinion, *United States v. King*, in which the court indicated that § 1591(b)(2) requires an allegation in the indictment that the victim had attained the age of at least fourteen but not eighteen—as opposed to merely that the victim had not attained the age of eighteen. 713 F. Supp. 2d 1207, 1209-11 (D. Haw. 2010). For the reasons stated above, the Court finds *King*'s reasoning unpersuasive.

7

Assuming Callis' attorney misinformed him as to his likely sentence, the plea agreement and the plea hearing cured any misinformation, precluding a finding of prejudice. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) (finding no prejudice when "any misinformation [the petitioner] may have received from his attorney was corrected by the trial court at the Rule 11 hearing"); *Good*, 2018 WL 2976984, at *5 (rejecting the petitioner's argument that he suffered prejudice from his counsel's misinformation about his potential sentence when the plea agreement and the plea hearing "fully informed" the petitioner about those penalties). First, the plea agreement clearly stated the penalties for each offense—a mandatory minimum imprisonment of ten years to a maximum of life, and mandatory restitution. (Dk. No. 27, ¶¶ 1, 9 (describing the possible and mandatory penalties for the crime).) Callis affirmed his understanding by signing the agreement. (*Id.* ¶ 13.) At the plea hearing, the Court explained the possible penalties for each offense, and Callis affirmed under oath his understanding. Plea Hr'g Tr. 14:17-24, 16:24-17:2.

Moreover, both in the plea agreement and at the plea hearing, Callis stated that he understood that his attorney could not accurately predict his Guidelines range and that the PSR ultimately determined that range. (Dk. No. 27, ¶ 5 (acknowledging his "understand[ing] . . . that any estimate . . . [he] may have received from [his] counsel . . . [was only] a prediction")); Plea Hr'g Tr. 12:25-13:19 (answering "yes" when asked whether he understood that any estimate made by his attorney was only an estimate and that his Guidelines range ultimately depended on the PSR). Lastly, Callis affirmed his understanding that the Court might impose a sentence above or below the calculated advisory sentencing range. (Dk. No. 27, ¶ 5 (acknowledging that the Court "may impose a sentence above or below the advisory sentencing range" based on the § 3553(a) factors)); Plea Hr'g Tr. 17:13-19:2 (responding "yes" when asked if he understood that

the Guidelines do not bind the Court and that a consideration of the § 3553(a) factors "can cause [the Court] to vary upwards from the [G]uidelines, or lower from the [G]uidelines, but not below the mandatory minimum").

Because Callis has not provided "clear and convincing evidence" that "his representations during his plea were untruthful or involuntary," he "is bound by the representations he ma[de] under oath." *Fields*, 956 F.2d at 1299. Here, the record clearly demonstrates that Callis knew that his sentence might exceed the ten-year mandatory minimum on each count with or without the enhancement,[7] that his sentence might exceed the 235- to 293-month Guidelines range, and that each conviction provided for mandatory restitution. With that knowledge, Callis still pled guilty, and he received a sentence within the statutory range. Callis, therefore, cannot demonstrate that any incorrect information about the enhancement or restitution from his attorney prejudiced him. Because Callis cannot satisfy the second *Strickland* prong, the Court need not address the first prong. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.").

### C. Motion for Downward Variance

Finally, Callis assigns error to his attorney's motion for a "downward departure" at sentencing because "he was not eligible for such a departure after receiving the ... enhancement." (Dk. No. 76, at 12.) Callis correctly points out that a § 4B1.5 enhancement precludes downward departure. *See* U.S. Sentencing Guidelines Manual

---

[7] Callis' argument that his attorney failed to recognize the possible application of an enhancement does not alter the analysis. In *Foster*, the Fourth Circuit considered a petitioner's argument that he suffered prejudice because his lawyer assured him that the career offender enhancement would *not* apply. 68 F.3d at 88. The Fourth Circuit rejected his argument, reasoning that he suffered no prejudice because, as in this case, he affirmed under oath that he understood the penalties the court set forth at the Rule 11 hearing, curing any deficiency. *Id.*

§ 4A1.3(b)(2)(B) (U.S. Sentencing Comm'n 2018) (stating that a "downward departure ... is prohibited for ... a repeat and dangerous sex offender against minors within the meaning of § 4B1.5"). At the sentencing hearing, however, Callis' attorney moved for a downward *variance*, not a downward *departure*—a fact that Callis acknowledged in another part of his brief. (*See* Dk. No. 76, at 4.) Because the Sentencing Guidelines are advisory only, *see United States v. Booker*, 543 U.S. 220, 258-65 (2005), a sentencing court may *vary* a sentence—that is, impose a sentence outside of the Guidelines range—when "sufficiently compelling" justification exists "to support the degree of variance," *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007).[8]

Essentially, Callis argues that his attorney erred by attempting to secure a lower sentence for him. As explained above, because the Court may grant a variance within its discretion, notwithstanding the Guidelines, the enhancement in no way barred Callis' attorney from moving for a downward variance. Thus, his attorney's performance in attempting to secure a lower sentence for him through an entirely appropriate vehicle did not fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The Court need not go past the first *Strickland* prong to find that this claim must fail.

## IV. CONCLUSION

Because the petitioner's ineffective assistance claims fail on one or both of the *Strickland* prongs, the Court will deny the § 2255 motion.

---

[8] *See also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1963 (2018) (noting that a court "has the legal authority to impose a sentence outside the range either because [it] 'departs' from the range (as is permitted by certain Guidelines rules) or because [it] chooses to 'vary' from the Guidelines by not applying them at all"); *Gall v. United States*, 552 U.S. 38, 49-50 (2007) (observing that notwithstanding the Guidelines calculation, a court must first accord "both parties an opportunity to argue for whatever sentence they deem appropriate," and then should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party").

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A judge will not issue a COA unless a petitioner makes a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No facts or law suggest that Callis is entitled to further consideration in this matter. The Court, therefore, will deny a COA.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 15 March 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge